# Law Office of Kevin J. Keating

Kevin J. Keating, Esq.

Counsel:
Stefani Goldin, Esq.

666 Old Country Road, Suite 900
Garden City, New York 11530

T: 516-222-1099
F: 516-745-0844

MANHATTAN OFFICE
BY APPOINTMENT
T: 212- 964-2702

January 13, 2020

**Via ECF**
Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   United States v. Stephanie Lee
        17CR-372 (JS)

Dear Judge Seybert:

    As you are aware, I am attorney for Ms. Lee in the captioned matter. I write in opposition to that portion of the Government's motion in limine of December 18, 2019 which seeks to preclude the defendant from introducing any portion of her videotaped post arrest statement to refute the Government's position that, within Lee's post arrest interrogation, she made three false statements. As set forth herein, the Government's motion should be denied.

    In the early morning hours of July 17, 2017, Lee was arrested at her Florida home by federal agents. At the time, she was 45 years old, and had never been previously arrested. After processing her, at approximately 7:00 a.m. that morning, agents placed Lee in a small interrogation room and handcuffed her to a railing. Thereafter, for approximately one hour and 25 minutes, two agents interrogated Lee. During the interrogation, the agents literally asked Lee hundreds of questions pertaining to her role in the charged indictment. The questions centered upon her involvement with Strategic Partners; her relationship with the companies Cross Environmental and National Waste; her involvement as consultant in transforming those entities into public companies; her relationship with Jeff Chartier; her relationship with the stock promotion firms Elite, Dacona, and Power Traders, and her relationship with the various other charged defendants in this case.

    Throughout, Lee was responsive and provided hundreds of answers to the many questions posed by the two interrogating agents (the transcript of the interrogation spans 85 pages). With this, as set forth in their motion, the Government alleges that Lee made *three false statements*:

- To Lee's knowledge, the Boiler Rooms were not buying and selling stock, but only making stock purchase recommendations;

- She compensates the Boiler Rooms only in stock; and

- She was not trying to manipulate the price or trading volume of any stock.

It is settled law that the rule of completeness allows a defendant to introduce portions of statements of a defendant omitted by the Government where the omitted statements are necessary to place the admitted portion in context, or to ensure a fair and impartial understanding of the admitted portion. United States v. Fawwaz, 2017 WL 2403460 (2d Cir. June 2, 2017). In their instant application, the Government seeks to introduce parsed out snippets of an 85 page transcript, the result being the introduction of out of context statements which would mislead the jury, and violate the rule of completeness.

For instance, the Government seeks to introduce Lee's statement that she was "not trying to manipulate the price or trading volume of any stock." Beyond this stand alone denial of the essence of the charged conspiracy, Lee spent much of the interrogation explaining the context of this stand alone statement by offering truthful explanations of the many questions offered by the interrogators which fully contextualized her statement that she was not involved in manipulating the stock.

Additionally, the Government seeks to introduce the stand alone statement that, "the Boiler Rooms were not buying and selling stock, rather they were making stock purchase recommendations." This isolated statement is entirely out of context. For instance, Lee states repeatedly during the interrogation that the Boiler Rooms, in fact, were paid for their services *with stock*. Obviously, if the Boiler Room was paid in stock, the Boiler Room would be selling their shares of stock – a perfectly permissible transaction. Viewed in its proper context, Lee's statement is seen for what it is – a statement by Lee that the Boiler Room was not a brokerage engaged in the buying and selling of stock, rather they made stock recommendations to individuals who already had their own brokerage accounts.

Finally, Lee's stand-alone purported statement that she compensates the Boiler Rooms only in stock is similarly misleading. To begin, the video is ambiguous as to whether Lee ever said that the Boiler Room was paid *only* in stock. Moreover, in other portions of the interrogation Lee readily admits compensation paid to the Boiler Rooms, a perfectly legal transaction which simply triggers a disclosure by the Boiler Room to the investing public as to the fact that they are paid in stock. The full context of the interrogation makes clear that Lee was not hiding any aspect of the Boiler Room compensation and, if anything, were Lee attempting to mislead the interrogators, she would have offered that the Boiler Room was paid in cash *not stock*.

With this, the Government should not be permitted to deprive the defendant of her long settled right under the rule of completeness to place in context, and accurately describe, the three parsed statements the Government seeks to introduce from a lengthy detailed exculpatory explanation offered by Lee to her interrogators.

Thank you for your consideration.

Very truly yours,

KEVIN J. KEATING

KJK:sep
cc: AUSA Whitman Knapp
    AUSA Kaitlyn T. Farrell
    All Counsel